**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, NJ, 07470
T: (973) 256-9000
*Attorneys for Defendants Federal Express Corporation*

| | |
|---|---|
| GUY EDWARD MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION also known as FedEx Corporation JEAN-PAUL BENNETT, ABC COMPANIES 1-10 said entity names being fictitious and JOHN DOES 1-10 said names being fictitious<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

PLEASE TAKE NOTICE that Defendant Federal Express Corporation[1] ("FedEx"), a Delaware corporation with its principal place of business at 3620 Hacks Cross Road, Memphis, Tennessee, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441, et seq., based upon the following:

1. On or about April 29, 2022, Guy Edward Moore, as Plaintiff ("Plaintiff"), commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled *Guy Edward Moore vs. Federal Express Corporation also known as FedEx Corporation Jean-Paul Bennett, ABC COMPANIES 1-10 said entity names being fictitious and*

---

[1] Although the Complaint brings suit against "Federal Express Corporation also known as FedEx Corporation", Federal Express Corporation is a wholly-owned subsidiary of FedEx Corporation as reflected in the Fed. R. Civ. P. 7.1 Corporate Disclosure Statement being filed simultaneously with this Notice of Removal. Thus, Federal Express Corporation is not "also known as" FedEx Corporation.

*JOHN DOES 1-10 said names being fictious*, Docket No. ESX-L-2559-22.

2. On May 9, 2022, a copy of the Summons, Complaint (with discovery demands) and Case Information Statement was served upon Defendant FedEx. May 9, 2022 was the first date on which FedEx received copies of the Summons and Complaint through service or otherwise.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint (with discovery demands) and Case Information Statement received by FedEx on May 9, 2022, which constitute all process, pleadings and orders served upon FedEx, are collectively annexed hereto as Exhibit "A."

4. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between the Plaintiff and the Defendants, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

5. Based upon the allegations in the Complaint, Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. *See* Exhibit A, Complaint, ¶ 7.

6. Defendant FedEx is a Delaware corporation with its principal place of business in Memphis, Tennessee.

7. To the best of Defendant FedEx's knowledge, Defendant Jean-Paul Bennett ("Bennett") has not yet been served with a copy of the Complaint, nor any Summons or Case Information Statement. Consent of a party that has not been served as of the date of removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal"). Furthermore, as of the date of this Notice of Removal, no affidavit of service on Bennett has been filed by Plaintiff with the New Jersey Superior Court.

8. Defendant Bennett was employed by FedEx on the date of the accident alleged in

the Complaint and remains employed by FedEx at the time of this removal. According to personnel records maintained in the ordinary course of FedEx's business, although Bennett previously resided in the Commonwealth of Pennsylvania on the date of the accident alleged in the Complaint, Bennett resided in Hackettstown, New Jersey on the date that the Complaint was filed, and he continues to reside in Hackettstown, New Jersey as of the time of this removal. A copy of Bennett's New Jersey Driver's License is among the records maintained by FedEx in the ordinary course of its business.  Defendant Bennett has confirmed to Defendant FedEx's undersigned counsel that the aforementioned information is true and accurate. In addition, Defendant Bennett informed Defendant FedEx's undersigned counsel that he intends to remain a resident of New Jersey as evidenced by his obtaining a New Jersey Driver's License and signing a rental lease for his current residence for a rental term beginning in March 2022.

9.     Complete diversity of citizenship existed among the parties when the Complaint was filed on April 29, 2022. Complete diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10.    The Complaint alleges that on or about December 17, 2020, Defendant Bennett, in the course of his employment for Defendant FedEx, negligently operated a truck, owned or leased by FedEx, and caused a collision with the vehicle being operated by Plaintiff. *See* Exhibit A, Complaint, ¶¶ 3-4, 10-18.

11.    The Complaint further alleges that, as a result of the alleged collision, Plaintiff was caused to be propelled forward striking his body, which resulted in injuries necessitating medical treatment and caused Plaintiff "great pain and suffering." *See* Exhibit A, Complaint, ¶¶ 17-18.  The Complaint in this action includes, *inter alia*, a claim of negligence against Defendant FedEx and Defendant Bennett, which, according to Plaintiff, resulted in him being "struck violently" causing him to incur "permanent disabilities and permanent loss of bodily function", present and future

need for medical treatment, present and future "great pain and suffering" and the present and future inability to perform his usual functions. *See* Exhibit A, Complaint, ¶ 18.

12. The Complaint does not specify the amount of damages claimed. However, based upon information provided to FedEx, through its third-party administrator, Broadspire, Inc., Plaintiff's medical treatment between the date of the accident, December 17, 2020, through and including June 17, 2021, resulted in payments by Plaintiff's PIP carrier of approximately $80,000 out of charges in excess of $90,000. *See* Plaintiff's PIP ledger attached hereto as Exhibit "B". Thus, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332.

13. While Defendant FedEx denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief asserted against it in the Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional amount under 28 U.S.C. § 1332.

14. The United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and each of the Defendants, and in which the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

15. Pursuant to *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, when federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies. *See* 902 F.3d 147, 151-52 (3d Cir. 2018). The forum defendant rule provides that "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id.; *see also* 28 U.S.C. § 1441(a)-(b). The Third Circuit held that the plain meaning of 28 U.S.C. § 1441(b) "precludes removal based on in-person citizenship only when the defendant has been properly joined and served." *See Encompass*, 902 F.3d at 151-52 (emphasis added). In so doing, the Third Circuit permitted removal to federal court prior to formal service of any

defendant who is a citizen of the State in which the action is brought. *See* id*.* at 153-54.

16. Here, Defendant Bennett is a citizen of New Jersey, which triggers the forum defendant rule because the Complaint was filed in New Jersey. However, since, upon information and belief, Defendant Bennett has not been served with the Complaint and no affidavit of service has been filed by Plaintiff, removal based on diversity jurisdiction by Defendant FedEx is permitted.

17. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Defendant FedEx's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

18. Based upon the nature of the negligence claim(s) asserted in the Complaint and the aforementioned PIP ledger which sets forth the charges incurred in connection with medical treatment obtained by Plaintiff for injuries allegedly arising from the subject accident alleged in the Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional amount under 28 U.S.C. § 1332. Additionally, as set forth above, diversity of citizenship exists between Plaintiff and Defendants. Therefore, this action is properly removable to this United States District Court pursuant to 28 U.S.C. § 1441.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Law Division, Essex County and is being served upon Plaintiff's counsel of record.

20. In filing this Notice of Removal, Defendant FedEx does not waive any defects in service of process, venue, or personal jurisdiction.

21. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

          SCHOEMAN UPDIKE KAUFMAN
          & GERBER LLP
          *Attorneys for Defendant Federal Express Corporation*

By: _____
      Ola A. Nunez

Dated: June 6, 2022

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Essex County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of Defendant's knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
*Attorneys for Defendant Federal Express Corporation*

By: _____
     Ola A. Nunez

Dated: June 6, 2022

- 8 -

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via ECF and Regular Mail, a true and correct copy of the foregoing Notice of Removal on:

John H. Shields, Esq.
CELLINO LAW LLP
520 Lexington Avenue, Suite 830
New York, NY 10170
*Attorneys for Plaintiffs*

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

                                                Ola A. Nunez

Dated: June 6, 2022